UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURRAJ SINGH (A-241-166-850),<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-08097-DJC-CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Gurraj Singh (A-241-166-850), an immigration detainee proceeding with counsel, filed a second verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on December 28, 2022 with inspection. On August 25, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends the petition be dismissed in part and denied in part.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and native of India. (ECF No. 1 at 5.) On December 28, 2022,

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

petitioner was admitted to the United States as a nonimmigrant pursuant to an F-1 student visa with authorization to remain for the duration of status. (Id.) Petitioner's student visa status was changed to "terminated" on February 27, 2023. (ECF No. 1-1 at 3.) On August 25, 2026, petitioner was detained by ICE and has been continuously detained since that date. (See id.) On August 25, 2026, petitioner was determined to be inadmissible under section 237(a)(1)(C)(i) as of the Immigration and Naturalization Act ("INA") (8 U.S.C § 1227(a)(1)(C)(i)) and issued a Notice to Appear placing him in removal proceedings. (See id. at 2.)

On August 28, 2026, petitioner filed a motion for custody redetermination before the Newark Immigration Court. (ECF No. 1 at 6.) On September 1, 2026, petitioner withdrew his request for a bond hearing due to his transfer to a different detention center. (ECF No. 7-2).

Respondents do not contend that petitioner has a criminal history. (ECF No. 7.)

## II. PROCEDURAL BACKGROUND

On September 11, 2026, petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Arizona, challenging his detention. The district court granted his first petition and ordered a bond hearing before an immigration judge. Singh v. Warden, California City Detention Facility, et al., 2:26-cv-06475-PHX-MBM (D. Ariz. Sept. 21, 2026) ("Singh I").

On September 25, 2026, an immigration judge held a bond hearing and denied petitioner bond, finding petitioner to be a flight risk. (ECF No. 1-6.) Petitioner does not assert that he appealed this decision. (ECF No. 9 at 2-3.)

On October 2, 2026, petitioner filed the instant habeas petition in this district, his second habeas petition, challenging his continued detention. (ECF No. 1.) On October 2, 2026, the Court issued respondents an order to show cause. (ECF No. 5.) On October 7, 2026, respondents filed a response to the Court's order to show cause. (ECF No. 7.) On October 8, 2026, petitioner filed a reply. (ECF No. 9.) Petitioner filed three pleadings requesting a ruling on the petition. (ECF Nos. 12, 14, 15.) On November 23, 2026, petitioner filed a copy of his first habeas petition in response to the Court's minute order. (ECF No. 17.) Briefing is now complete.

///

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

In the instant petition, in Count I petitioner challenges his detention based on the violation of the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 9-10.) In the response to the order to show cause, respondents contend that petitioner's second habeas petition should be denied as an abuse of the writ as to this count where he could have raised the same claim in his initial petition. (ECF No. 7 at 2.) In Count II, petitioner raises a procedural due process claim and challenges his bond hearing. (ECF No. 1 at 10-11.) The government argues these claims should be dismissed where petitioner failed to exhaust administrative remedies and that, if exhaustion is excused, the challenges to the bond hearing should be rejected. (ECF No. 7 at 3.)

### A. Due Process Claims Based on Prolonged Detention

There is no statutory prohibition on second or successive habeas corpus petitions filed pursuant to 28 U.S.C. 2241. Compare 28 U.S.C. § 2255(e); 28 U.S.C. § 2244(a), (b). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). The doctrine reaches only those claims a petitioner had a full and fair opportunity to raise earlier. See Eldridge

v. Howard, 70 F.4th 543, 552 (9th Cir. 2023). A petitioner has no such opportunity where "[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." Alaimalo, 645 F.3d at 1049 (internal citation omitted). "[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Id.

As to Count I, the instant petition is subject to dismissal in part as successive. The petition in Singh I raised a single due process claim regarding petitioner's ongoing detention. See Singh I, ECF No. 17-1 at 9. In the instant petition, petitioner alleges that his detention violates the Due Process Clause and raises challenges to his bond hearing. (ECF No. 1 at 9-11.) Count I is nearly identical to the due process claim petitioner raised previously in his first petition. See Eldridge, 70 F.4th at 552. Moreover, the record shows that petitioner received a due process remedy for his claims in the first petition in the form of the court-ordered bond hearing. (See ECF Nos. 1-5, 1-6.) Therefore, as to Count I, petitioner has not demonstrated cause for bringing a successive petition or that a fundamental miscarriage of justice would result from failing to consider the due process claim raised. See Reyes v. Warden of California City Det. Ctr., No. 1:26-cv-03747-DAD-AC, 2026 WL 1457377, at *1 (E.D. Cal. May 22, 2026) (dismissing petition where "petitioner was previously granted habeas relief in the form of a substantive bond hearing being ordered and the case was closed.").

**B. Challenges to Bond Hearing**

In Count II, petitioner challenges his detention based on the adequacy of the immigration judge bond hearing. (ECF No. 1 at 10-11.) He contends the bond hearing violated his due process rights where the immigration judge allocated the burden to petitioner and failed to conduct an individualized determination of petitioner's dangerousness or flight risk. (See id. at 11.) Respondents argue that petitioner failed to exhaust where he did not appeal the immigration judge's denial of bond and that the bond hearing was constitutionally adequate and did not violate the district court's order. (See ECF No. 7.) Petitioner responds that exhaustion should be

excused where his continued detention during the BIA appeal will cause irreparable injury. (ECF No. 9 at 2-6.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In constitutional challenges to an immigration judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the immigration judge "applied the correct legal standard." Id. (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence . . . review

is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). When an immigration judge's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016) (quoting Avagyan v. Holder, 646 F.3d 672, 678 (9th Cir. 2011)).

Under the circumstances of this case, even if the Court were to excuse exhaustion, the Court finds no abuse of discretion in the immigration judge's decision denying bond. On September 25, 2026, an immigration judge held a bond hearing pursuant to the district court's order and denied petitioner bond, finding petitioner to be a flight risk. (ECF No. 1-6.) The district court order did not specify which party should bear the evidentiary burden in the bond hearing. (See ECF No. 1-5.) Thus, the Court finds that the immigration judge's allocation of the burden to petitioner does not violate the district court order.

Petitioner further contends the immigration judge's decision effectively only considered the speculative nature of petitioner's asylum claim in reaching a decision. (ECF No. 9 at 3-5.) Upon review, the audio recording of the bond hearing and the immigration judge's written order enumerate several factors considered in the flight risk determination, including: 1) petitioner's arrival in the United States in 2022 and termination of his F-1 visa status a few months later; 2) the speculative nature of petitioner's asylum claim; 3) petitioner's identification of a sponsor; and 4) evidence of his ties to the United States. (ECF No. 1-6; ECF No. 6.) In specifying this reasoning supporting the flight risk determination, the immigration judge provided a "reasoned explanation for its actions." Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005). Thus, this Court will not reweigh the evidence presented before the immigration judge and finds no abuse of discretion in the immigration judge's determination where it was not arbitrary, irrational, or contrary to law. See Bonilla, 840 F.3d at 581.

Accordingly, any challenges to the merits of the immigration judge's denial of bond should be or should have been raised through the normal process by appealing the denial to the BIA.

///

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Petitioner's requests for ruling on the petition (ECF Nos. 12, 14, 15) are denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED in part as to Count I and DENIED in part as to Count II; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

sing8097.2241.imm/9